[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2009
THOMAS K. KAHN
CLERK

No. 07-15664
Non-Argument Calendar

_____

D. C. Docket No. 06-14054-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMADO B. CHAVIANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Amado B. Chaviano appeals his 72-month sentence imposed for drug offenses, 21 U.S.C. §§ 841, 846, 856. No reversible error has been shown; we affirm.

On appeal, Chaviano argues that his sentence -- which exceeded the advisory guidelines range -- substantively is unreasonable. He contends that the district court impermissibly varied upward from the guidelines based on conduct that already had been taken into account in enhancing his guidelines range for obstruction of justice, U.S.S.G. § 3C1.1, and denying him acceptance of responsibility, U.S.S.G. § 3E1.1: his false testimony at the sentencing hearing.[1]

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Briefly stated, under

---

[1]While out on bond for the instant offenses, Chaviano was arrested in Pennsylvania for some theft offenses involving a bank fraud scheme. At sentencing, Chaviano testified about the Pennsylvania offenses; and the court determined that he testified falsely, warranting the obstruction of justice enhancement and the denial of acceptance of responsibility.

2

section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Chaviano's sentence is reasonable. Although the 72-month sentence varied upward from the top of the advisory guidelines range by 31 months, it was well below the 20 and 40-year statutory maximums Chaviano faced. See 21 U.S.C. §§ 841(b)(1)(B), 856(b); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). In addition, the district court considered the nature and circumstances of the offense conduct plus Chaviano's history and characteristics. The court said that an above-guidelines sentence was appropriate where Chaviano continued to violate the law while out on bond for the instant offenses and persisted in giving false testimony during his sentencing hearing about these other offenses. The district court noted that such behavior showed Chaviano's likelihood to commit more crimes and, thus, an above-guidelines sentence also was warranted for deterrence and to protect the public

3

from more crimes by him.  See 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

Based on the evidence in the record -- including the police reports about Chaviano's intervening arrest and his sentencing testimony in contradiction to the probation officer's arrest report -- we conclude that the district court adequately justified its upwardly variant sentence.  See Gall, 128 S.Ct. at 597 (explaining that a sentencing judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance").  The court based its upward variance on several section 3553(a) factors and not -- contrary to Chaviano's assertion -- only issues already taken into account in calculating his guidelines range.[2]

Here, the district court determined that the guidelines range did not yield a reasonable sentence; and nothing in the record convinces us that the ultimately imposed sentence was unreasonable.  See Gall, 128 S.Ct. at 597 (explaining "that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court").[3]

_____

[2]To the extent that the district court used the same behavior of testifying falsely in varying upward, the guidelines calculations addressed issues other than the overall reasonableness of Chaviano's sentence under the section 3553(a) factors: whether he obstructed justice by providing a false statement to a judge, U.S.S.G. § 3C1.1, and whether he admitted his role in the offense, U.S.S.G. § 3E1.1.

[3]Chaviano asserts a single argument in his brief: that his sentence is substantively unreasonable.  Within this argument, he briefly argues that the court's factual findings about perjury were insufficient to support application of the obstruction of justice enhancement.  We

4

AFFIRMED.

conclude that this argument need not be addressed because Chaviano did not sufficiently raise it. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (concluding that an issue was abandoned where, although defendant made passing references to it in his brief, he did not devote a discrete section of his brief to the argument and the references were undertaken as background to claims he expressly had advanced).